Ms. Ada Hollingsworth Public Affairs Manager Weyerhaeuser Company P.O. Box 1060 Hot Springs, Arkansas 71902
Dear Ms. Hollingsworth:
You have requested several opinions under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyist and State Officials". Specifically, you ask three questions about the Act and I will render my opinions as to your questions in the order listed in your letter of April 4, 1989.
1. If a full-time employee of a company, acting in such capacity, performs acts which come within the definition of "lobbying," is that EMPLOYEE required to be registered as a lobbyist?
It is my opinion that the answer to your first question is "yes". Any person who is a lobbyist as defined by Initiated Act 1 of 1988 is required to be registered as a lobbyist, with certain exceptions not relevant to your request. I have previously opined that a salaried individual who is periodical within the meaning of21-8-701(i).
4. Section 21-8-604(b)(1) requires a lobbyist to itemize certain items given to a public official. Does this section apply only when the person is engaged in lobbying, or does it include items given when the person is acting in some capacity other than as a lobbyist? Are the total expenditures recorded under Section21-8-604(a) limited to expenditures made while acting as a lobbyist?
Each provision of Section 21-8-604 makes reference to expenditures incurred in the course of activities as a lobbyist. While the facts of a particular case may result in a contrary conclusion, generally I believe if a lobbyist expends money on a public official in some capacity other than as a lobbyist, the expenditure is not reportable.
Likewise, I believe Section 21-8-604(a) contemplates the reporting of only lobby-related expenses.
In support of both of these conclusions, I point to the plain language of the Act. Section 21-8-604(a) states:
 Registered lobbyists are not required to report unreimbursed personal living and travel expenses not incurred directly for lobbying.
Clearly, then, the drafters of the Act did not intend that every expenditure of a person employed as a lobbyist be reportable, particularly those of a personal nature.
It should be noted, however, that a public official would be required to report certain items with a value in excess of $100 as a gift, including gifts offered by a lobbyist acting in some capacity other than as a lobbyist.
5. Section 21-8-604(b)(1)(B) requires a lobbyist to make an itemized listing of each payment for food, lodging, or travel in excess of $25 on behalf of a public official. Does the $25 limit apply to each instance that a "payment" is made, or is it a cumulative limit for an occasion, a day, or some other item? If a lobbyist pays for the meals of two public officials and the total is $25.01, would the lobbyist have to itemize the payment even though he did not expend in excess of $25 per public official.
The Act does not set out any specific method for calculating the amount of any "payment" reportable under the Act, nor does the Act specify at what point during an event a "payment" must be made. Nevertheless, I do not believe that the proper criteria for determining if an expenditure is reportable is a per "payment" basis. Such an interpretation would allow lobbyists to avoid reporting expenditures by making a payment every time the threshold limit was approaches. While there may be times when it is appropriate to determine the amount of an expenditure based upon a cumulative figure that spans more than a single meal or event, the facts of each particular case must be examined to determine if a "payment" was properly calculated and reported.
In response to the second part of your question, I do not believe a lobbyist is required to itemize a $25.01 expenditure for the meals of two (2) public officials. This is based on the plain language of the Act which sets the itemized reporting threshold at more than $25 per payment made on behalf of a public official, meaning an individual public official.
6. Section 21-8-604(d) requires a lobbyist to make a statement detailing any direct business association or partnership with any public official before whom the lobbyist may engage in lobbying. Does this require a statement covering every public official with whom the lobbyist has a direct business association or partnership, or does it only include public officials for whom the lobbyist reasonably believes he may engage in lobbying? Does this provision include a direct business association with a corporation in which a public official has an interest and a direct business association with a corporation in which a public official is employed?
Section 21-8-604 states:
 The lobbyist activity report shall be signed and sworn to by the registered lobbyist. The reports shall contain:
 (d) A statement detailing the direct business association or partnership with any public official before whom the lobbyist may engage in lobbying.
This section clearly states that a lobbyist shall report any direct business association or partnership only under circumstances where a lobbyist may lobby his or her public official/business associate. If there exists no possibility of a lobbyist lobbying a public official/business associate, then no disclosure need be made.
The answer to the second part of your question would turn upon the facts of each individual case, since the character of the business relationship between a lobbyist and public official would depend upon each party's role in the corporation. The same would be true if a public official is an employee of a corporation in which a lobbyist is part of a direct business association.
7. Section 21-8-802(c)(1) allows an appearance before an agency to be made public record by filing a written statement within twenty-four (24) hours with the agency head of the entity of state government before which an appearance is sought. Is the twenty-four hour (24) period before or after the appearance?
Your question concerns circumstances in which a legislator wishes to represent a client for compensation before an entity of state government.
In answer to your question, the above referenced section anticipates that the written statement provided for by the Act will be filed within twenty-four (24) hours prior to the appearance. This interpretation is supported by the section which states that "[i]n the event that a written statement cannot be provided to the agency head prior to the meeting, telephonic notice must be given the agency head or his office."
Therefore, a legislator seeking to comply with Section 21-8-802(c) must file written comments prior to any appearance, or in the alternative, give notice by telephone that the comments cannot be provided in advance.